Totten, J.,
delivered the opinion of the court.
The action, being in ejectment, originated in Washington county, and was taken thence on change of venue, to Sullivan. *604 The facts, material to be here stated are these: At March, term, 1845, of the circuit court, a rule was made on the plaintiff to justify the security given, or to give other security for the costs of suit, on or before the second day of next term, or the suit to stand dismissed. For a series of terms the cause was continued for want of a competent court, at some of which the rule and a motion to dismiss, were revived and continued. But for several terms next preceding the March term, 1848, the cause merely, not naming either said rule or motion was continued for want of a competent court. And at March term, 1848, it was dismissed for want of compliance with the rule above stated, and judgment entered against the plaintiff’s lessor for costs. From this judgment, Malinda Irvin, one of the lessors, appealed in error to this court. The suit had been instituted by Patrick Irvin, and Malinda his wife, and others, as lessors of the plaintiff, and pending the suit, Patrick Irvin died, his said wife surviving.
Upon the authority of the case of Bettis vs. Mansfield,* (opinion by McKinney, J., at Knoxville, 1848,) we are of opin *605 ion there is error in the judgment of the circuit court, dismissing the action under the rule which had been made on the plaintiff’s lessor to justify the security for costs, or 'give other security.
*606 If a rule be made on a plaintiff to justify or give other security, for the costs of suit, at the next term, or by a given day of the term, it will continue and be in force for the time so limited, and no longer, with the understanding, however, that it is in the power of the court to enforce or discharge the rule, at any day of the same term after- the day limited for *607 giving the security, as in the discretion of the court the justice of the case may require. The object of the rule, is not to dismiss the suit, but to secure the defendant against costs, in case the plaintiff should become liable for them on the trial of the suit. The defendant is entitled to a dismissal, under the rule, at this term, on failure of plaintiff to comply with it, unless in the sound discretion of the court, upon the facts, as they may then be made to appear, the court should think proper to extend the rule. But his motion to dismiss must he made at the term time, when the rule, by its terms is to be complied with, and on failure of such compliance. If not then made, it cannot be made at a succeeding term, because the rule has ceased to have any further force or effect, from and after the time when the security was to be given. If the case require it, it would be competent for the party to make the rule dc novo, at any subsequent term, and we think this the better and more convenient practice. The rule might be that the party give security at the same time or at the next term, as the case may reasonably require. The defendant has a right to demand good security, and this is a present right; the application for time to give it, comes properly from the other side. We attach no importance to the peculiar wording of the rule, that the suit stand dismissed, but consider it as having no more effect than if it had been that the suit be dismissed. It required the further judgment and action of the court to dismiss the suit, in the one case as well as in the other, and besides such a practice, of dismissing suits by anticipation, might be of evil consequence to the just rights of parties.
The plaintiff’s lessor had a right, on the death of her husband, to continue the suit. On the death of the husband, pending the suit, her interest in the land, if she have any, and in the suit for its recovery, survived to her.
Let the judgment be reversed, and the cause be remanded for further proceeding.

Opinion. — At the April term, 1847, of the circuit court of Jefferson county, a rule was made upon the plaintiff in error, (who was also plaintiff in the action,) to justify his security, or to give other sufficient security for the prosecution of this suit, on or before the second day of the next term of said court, or the suit should stand dismissed for want thereof. It appears from the record, that at the next term, viz : August term, 1847, the judge failed to attend, and no court was held; and a general continuance of all causes in said court was entered pursuant to act of assembly. At the ensuing December term of court, and on Wednesday of said term, the defendant moved the court to make the rule absolute, and to dismiss said suit, upon the ground of the failure of the plaintiff to comply therewith; and the court ordered accordingly, *605 and rendered judgment against the plaintiff for the costs of suit. The record shows that upon said motion being made, but before any action thereon by the court, the plaintiff appeared in court and offered good and sufficient security for the prosecution of his suit, in compliance Avith said rule; but the court refused to allow him to do so, and made the rule absolute. The record further shows, that at a previous term of the court, viz: August term, 1845, a similar rule was made upon the plaintiff, and at the same term, in compliance with said rule, six persons became bound by recognisance for the prosecution of said suit, and the rule granted at the April term, 1847, was upon an affidavit simply stating, that Wilson’Wite and George W. Jones, two of said six securities, were insolvent, Avithout, questioning the solvency or ability of the other four.
Upon the foregoing state of facts, we think the circuit court erred, in several respects.
1st. It was error to make a second rule upon the plaintiff to justify or gwe other security, upon the ground merely that two of the former securities were insolvent, when from the silence of the affidavit, it was impliedly conceded, that the remaining four were solvent, and sufficient securities for the prosecution of the suit.
2d. It was erroneous to act upon, or to make the rule absolute, at a term subsequent to that at which, by the terms of the rule, the party Avas required to justify or give other security. A certain specified day of the ensuing term AVas fixed upon in the rule, for the appearance of the plaintiff, and his compliance therewith ; and with the expiration of that term, *606 the rule spent its force and expired, and could not, therefore be continued over by the continuance of the cause in which it was made. And the principle is in no way affected by the fact, that the other party was unable to have the rule acted upon at the ensuing term, in consequence of there being no court; this was no more the fault of the party upon whom it was made, than of the party seeking to avail himself of it. Rules of this character are in the nature of ex parte proceedings, not unfrequently obtained in the absence, and without the knowledge of the party to be prejudiced thereby; and arc liable to great abuse if not carefully circumscribed, and guarded in practice. If not made effectual at the proper time, it is imposing no great hardship upon the party to subject him to the necessity of renewing the rule.
3d. Although it has been settled, in view of the impracticability of controlling the discretion necessarily and properly vested in the circuit judges; that the refusal to allow the party to give security, after the rule has been made absolute, and the suit dismissed, though tendered at the same term, will not constitute error for which this court will reverse, (however disinclined we may be to encourage a practice, so stringent and harsh in its operation,) yet it has never been held, that if such security be tendered, before the final judgment upon the rule, the court may refuse it. We think no such discretion exists, and that its exercise, would be error. Upon all the foregoing grounds, we think the judgment is erroneous, and must be reversed, and the cause remanded and reinstated.